**STATE OF HAWAII, by its Director of Social Services, Franklin SUNN, Plaintiff/Appellee,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant/Appellant.**

No. 84–2244.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1985.

Decided May 17, 1985.

Steven K. Chang, Honolulu, Hawaii, for plaintiff/appellee.

Harry F. McDonagh, San Francisco, Cal., for defendant/appellant.

Before FARRIS, PREGERSON, and BEEZER, Circuit Judges.

PREGERSON, Circuit Judge.

Margaret Heckler, Secretary of Health and Human Services, appeals from a summary judgment awarding the State of Hawaii $169,938.76 in federal Medicaid payments for two intermediate care facilities. Secretary Heckler contends that the district court erred in finding that the Grant Appeals Board of the Department of Health and Human Services abused its discretion in disallowing the payments.

We affirm.

## STATEMENT OF FACTS

Under the Medicaid program, authorized by Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396n, and implemented in part by 42 C.F.R. § 456 (1984), the Secretary provides partial reimbursement to the States for services that locally-run "intermediate care facilities" (ICFs)[1] provide to patients who qualify for such services under Medicaid. To demonstrate effective control over the utilization of long-term inpatient services in ICFs, the State is required under 42 U.S.C. § 1396b(g) and 42 C.F.R. § 456.360 to show that a physician has certified each patient's need for ICF services and has recertified that need every 60 days. If the State fails to make a satisfactory showing of certification and recertification, the Secretary will decrease federal matching funds available to the State.

The facts of this case are not in dispute. In January 1981, federal reviewers performed an onsite utilization control validation survey at ten ICFs throughout Hawaii. The purpose of the survey was to verify whether the ICFs had satisfied the statutory requirements for certification, recertification, and updating of patient care plans during the period from July 1, 1980, through September 30, 1980. The Health Care Financing Administration (HCFA), the HHS agency conducting the survey, found that nine out of the ten ICFs surveyed in Hawaii failed to meet the requirements for physician certification and recertification. HCFA then informed Hawaii that the Secretary planned to reduce Hawaii's federal financial participation by $401,215.64, a disallowance later recalculated to $494,927.39 for eight facilities.

Hawaii appealed to the Grant Appeals Board. The Board upheld the disallowance in the increased amount. The Board concluded, *inter alia*, that signed and dated physician orders from Hale Nani Health Center and Maluhia Hospital were not adequate recertifications because they "do not contain an express statement indicating that continued care at the ICF level is necessary."

Hawaii filed an action in the United States District Court for the District of Hawaii on May 3, 1983, to enjoin the Secretary from implementing the Board's decision. On June 21, 1984, the district court granted summary judgment for the Secretary on the portion of the disallowance ($324,988.63) relating to six facilities, and for Hawaii on the portion of the disallowance ($169,938.76) relating to Hale Nani Health Center and Maluhia Hospital. The Secretary appeals that portion of the district court's decision granting summary judgment for Hawaii with regard to Hale Nani and Maluhia. Hawaii does not challenge the district court's decision relating to the six other facilities.

## STANDARD OF REVIEW

■ We review *de novo* the district court's decision granting summary judgment. *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir.1985) (citing *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983)). Under the Administrative Procedure Act, we set aside an agency's action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971); *Regents of the University of California v. Heckler*, 756 F.2d 1387, 1393 (9th Cir.1985); *Villa View Community Hospital, Inc. v. Heckler*, 720 F.2d 1086, 1090 (9th Cir.1983). We must therefore determine whether the Secretary acted arbitrarily and capriciously in disallowing the payments to Hawaii.

## DISCUSSION

■ During the three-month period in 1980 for which federal reviewers surveyed Hawaii's ICFs, an action transmittal issued by the Secretary, SRS–AT–75–122 (AT–75–

---

1. Intermediate care facilities are defined in 42 C.F.R. § 440.150(a)(1) (1984) as facilities that "[f]ully [meet] the requirements for a State license to provide, on a regular basis, health-related services to individuals who do not require hospital or skilled nursing facility care, but whose mental or physical condition requires services that—(i) [a]re above the level of room and board; and (ii) [c]an be made available only through institutional facilities."

122), set forth the Secretary's interpretation of the certification and recertification requirements of the federal statute, 42 U.S.C. § 1396b(g), and its implementing regulation, 42 C.F.R. § 456.360. We give substantial deference to an interpretation of a statute made by the agency charged with administering and enforcing the statute. *Blum v. Bacon,* 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982). In an introductory paragraph, AT–75–122 states:

> Recertification is the process by which a physician attests to an individual's need for continued placement at a specific level of care *at least every 60 days.*

After stating that recertification must be in writing and must be signed by a physician, AT–75–122 further states:

> 3. The ... State agency must describe in its written methods and procedures for UC [i.e., utilization control] what type of documentation it will require for recertification. Some examples are listed below:
>
> a. Signed and dated physician statement that continuation of the specific level of care is necessary;
>
> b. *Signed and dated physician orders indicating need for continuation of care* [emphasis added];
>
> c. Signed and dated progress notes indicating the need for continued care....

The Secretary maintains that the signed and dated physician's orders submitted by Hawaii for Hale Nani Health Center and Maluhia Hospital under 3b of AT–75–122 do not satisfy the regulation because the orders do not explicitly state the need for continued care at the ICF level. Hawaii argues that the orders, which do indicate a need for continuation of medical care,[2] are precisely what the Secretary described in 3b as an example of acceptable documents.

■ We agree with Hawaii. The Secretary's regulation at 3b clearly states that a "physician order indicating need for continuation of care" would be acceptable as a recertification document. Hawaii simply

followed the Secretary's clear example. The physician orders Hawaii submitted may not have satisfied the Board, but they did conform to the explicit terms of the transmittal, i.e., AT–75–122 at 3b, which the Secretary herself issued. She cannot now say that documents that satisfy the precise words of AT–75–122 at 3b are not acceptable.

The Secretary asks that we disregard the specific language in 3b. The Secretary contends that the introductory paragraph defining recertification as "a physician's attestation of an individual's need for continued placement at a specific level of care" requires an explicit statement of the need for a specific level of care and controls the list of examples of acceptable documentation. The Secretary would have us read each example listed in AT–75–122 to require the specificity indicated only in the first example, 3a.

Yet even the Secretary has implicitly acknowledged that AT–75–122 did not adequately stress the importance of an explicit indication of the specific level of care needed. The Secretary amended AT–75–122 in SRS–AT–80–68 (AT–80–68), which was effective October 1, 1980, the very next day after the period for which Hawaii's ICFs were surveyed. AT–80–68 corrects AT–75–122's defects, and the Secretary has labeled AT–80–68 a "clarification" of what constitutes a valid certification and recertification. AT–80–68's language shows that it was meant to clarify AT–75–122. AT–80–68 specifies that "[a] recertification will *only* be acceptable if it evidences the physician's determination that continual care is required at a particular level," and 3b now gives as an example of acceptable documentation "signed and dated physician orders *which clearly indicate a need for continuation of care at a specific level*" (emphasis added). Under AT–80–68, Hawaii's documents for Hale Nani Health Center and Maluhia Hospital would not have been acceptable. Under AT–75–122, which was in effect during the period in question, they should have been acceptable.

---

2. The documents prescribe medications, treatments, therapy, and diet without specifically

stating that the patients continued to need care at the ICF level.

We hold it was an abuse of discretion for the Board to insist that recertification example 3b in AT–75–122 required something more than what its language clearly indicated. While we should defer to the Secretary's interpretations of her own regulations, we need not honor an interpretation that is unreasonable. *See Loma Linda University v. Schweiker*, 705 F.2d 1123, 1126 (9th Cir.1983). It was unreasonable for the Board to conclude that AT–75–122 required the same documentation as its replacement, AT–80–68. If AT–75–122 had required the level of specificity that the Secretary argues it did, there would have been no need for the Secretary to issue a "clarification" at all.

We affirm.